UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT HOLCOMB,

    Plaintiff,

v.                                                     CASE NO. 8:25-cv-384-SDM-AAS

SHERIFF RICK WELLS, *et al.*,

    Defendants.
_____/

**ORDER**

    Holcomb's complaint alleges that the defendants are violating his civil rights by denying him a religious meal while he is detained in the Manatee County jail. An earlier order (Doc. 10) grants Holcomb leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on some of the defendants is not warranted.

    Holcomb, a pretrial detainee in the Manatee County jail, alleges that Chaplain Webster refuses to authorize his receiving "Kosher meals" despite his receiving "Kosher meals" when previously imprisoned in the Florida Department of Corrections

and when detained in the Sarasota County jail. Holcomb also names as defendants Sheriff Rick Wells, Major Tom Porter, and Major Yvonne Miller because they have not responded to his grievances. Holcomb must amend his action for several reasons.

First, Holcomb can pursue a Section 1983 action against neither the sheriff nor the two majors for employing or supervising someone who allegedly wronged Holcomb. A claim against an employer or supervisor based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Holcomb's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

Second, Holcomb can pursue a Section 1983 action against neither the sheriff nor the two majors based only on their having not responded to his grievances. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007);[*] *see also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that a prison

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

inmate grievance procedure is not constitutionally required and that a prison official's failure to take corrective action upon the prisoner's filing of a grievance amounts to no violation of due process); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Consequently, the complaint states a claim against neither Sheriff Rick Wells nor Major Tom Porter nor Major Yvonne Miller.

Third, the standard civil rights complaint form allows a plaintiff to specify whether he sues a defendant in their individual or official capacity, and Holcomb checked only the box for official capacity for his action against Chaplain Webster. Official capacity and individual capacity are commonly confused with the requirement that, to assert a civil rights action under 42 U.S.C. § 1983, the defendant must act "under color of law." The "under color of law" requirement means that the defendant must have acted as an agent of a government — whether state, county, or city. For example, a government employee who causes an injury while performing a governmental duty acts "under color of law," but the same employee who causes an injury while not performing a governmental duty does not act "under color of law."

An allegation that an employee caused an injury while performing a governmental duty meets the "under color of law" requirement for a claim against the employee in his individual (or personal) capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."). An action against a defendant in his individual capacity seeks to hold the defendant personally liable for

- 3 -

his individual acts. To the contrary, a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury. An official capacity claim is actually a claim against the governmental entity without regard to the person who committed the act or to the person who holds the official position. *Kentucky v. Graham*, 473 U.S. 159, 195 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690); *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.") (citing *Graham*). For example, an official capacity claim against an officeholder stays with the office without regard to the identity of the person holding the office; an individual capacity claim stays with the individual (even if the individual leaves the office) and does not transfer to the next person holding the office. To establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). *Accord Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020). Because the allegations against Chaplain Webster are based on his personal acts in denying Holcomb a religious diet, Holcomb must pursue a claim in the chaplain's individual capacity only.

\* \* \* \*

Holcomb may file an amended complaint to pursue an action against Chaplain Webster. The amended complaint must be complete because an amended complaint

- 4 -

supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Holcomb is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within

**THIRTY (30) DAYS**. The clerk must send to Holcomb the civil rights complaint form required for a *pro se* plaintiff. The failure to timely file an amended complaint will result in the dismissal of this action without further notice.

### A CAUTION TO MR. HOLCOMB

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Holcomb is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 9, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE